# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARTHA PAEZ-BASTO and**
**MASSIMILIANO CENTANNI,**

      **Plaintiffs,**

**v.**                                                      Case No: 6:13-cv-1955-Orl-31TBS

**RAND BEERS, acting director,**
**Department of Homeland Security;**
**ALEJANDRO MAYORKAS, director,**
**U.S. Citizenship and Immigration Services;**
**RUTH DOROCHOFF, district director,**
**Citizenship and Immigration Services,**
**Tampa, Florida; and WARREN**
**JANSSEN, field office director, U.S.**
**Citizenship and Immigration Services,**
**Orlando, Florida,**

      **Defendants.**

## ORDER

This matter comes before the Court after a hearing on Plaintiffs' Motion for Temporary Restraining Order (Doc. 6), the Defendants' Memorandum in Opposition (Doc. 14), and two memoranda (Doc. 7, 21) filed by Plaintiffs in support of their motion.

### I. Background

For purposes of resolving the instant motion, the Court accepts the following information (taken primarily from the Plaintiffs' papers) as true: The Plaintiffs, Martha Paez-Basto ("Paez-Basto") and Massimiliano Centanni ("Centanni"), have been married since 2006 and reside in Florida. Paez-Basto is an American citizen; Centanni is an Italian national. The Plaintiffs sought to have Centanni's status adjusted to that of permanent resident of the United States. To that end, on July 22, 2013, Paez-Basto filed a Form I-130 (titled "Petition for Alien Relative") and

Case 6:13-cv-01955-GAP-TBS   Document 22   Filed 01/28/14   Page 2 of 5 PageID 184

Centanni filed a Form I-485 (titled "Application to Register Permanent Resident or Adjust Status"). Centanni also sought and received an "Advanced Parole" document (henceforth, an "APD") that permitted him to travel abroad and return while his Form I-485 was pending.

On November 27, 2013, Paez-Basto's Form I-130 was denied, resulting in the denial of Centanni's Form I-485. Centanni departed the United States for Italy on December 1, before learning of the denials. Although the record is not clear on this point, it appears likely (and the Court assumes) that the denial of Centanni's application has invalidated the APD, such that Centanni will not be allowed to return to the United States to contest that denial or to help care for the Plaintiffs' minor son.

On December 20, 2013, the Plaintiffs filed the instant suit, seeking a writ of mandamus to "compel Defendants to reopen and properly adjudicate" the Form I-130 and the Form I-485. (Doc. 1 at 1). More particularly, the Plaintiffs seek to have this Court invalidate the orders denying their requests, thereby making Centanni's APD valid again, which would allow him to return to the United States. Shortly after filing their complaint, the Plaintiffs filed the instant motion. (Doc. 6).

**II.   Analysis**

Though still married, the Plaintiffs have been living apart since 2011 and are in the process of obtaining a divorce. (Doc. 7 at 3). On July 6, 2013, the Plaintiffs entered into a "Marriage Settlement Agreement," which was filed in state court and which, according to USCIS, "settled financial, property, and other rights" between them. (Doc. 1-7 at 3). Because of this, USCIS found that the Plaintiffs were "legally separated" and that Paez-Basto's petition was therefore due to be denied. (Doc. 1-7 at 3). In reaching this decision, USCIS relied primarily on *Matter of Lenning*, 171 I & N Dec. 476 (BIA 1980), a case out of New York in which the Bureau of

- 2 -

Immigration Appeals held that "a visa petition filed on behalf of an alien spouse is properly denied where the parties legally separated pursuant to the terms of a formal, written separation agreement notwithstanding the fact that their marriage was entered into in good faith and had not been finally dissolved by an absolute divorce decree."   The Plaintiffs contend that their requests were improperly denied because (1) unlike New York, Florida does not recognize the concept of "legal separation" and (2) the Marital Settlement Agreement is not the equivalent of the "formal, written separation agreement" at issue in *Lenning*.

To obtain preliminary injunctive relief, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if injunctive relief is denied; (3) a balancing of the hardships in the plaintiff's favor; and (4) that the public interest favors relief. *Haitian Refugee Center., Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991).   The Plaintiffs assert a number of theories in their Complaint, but for purposes of the instant motion, they argue only that their rights to procedural and substantive due process were violated.   (Doc. 7 at 2).

A procedural due process violation is not complete unless and until the government fails to provide due process.  *McKinney v. Pate*, 20 F.3d 1550,1557 (11th Cir. 1994) (citing *Zinermon v. Burch*, 494 U.S 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)).   "In other words, the [government] may cure a procedural deprivation by providing a later procedural remedy; only when the [government] refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under Section 1983 arise."  *Id.*   In the instant case, the Plaintiffs admit that they have the right to appeal the denial of the Form I-130 to the Board of Immigration Appeals, and if successful, Centanni's denied Form I-485 could be renewed.   (Doc. 7 at 14-15).   The availability of these avenues for subsequent review and correction of USCIS's

allegedly incorrect decision weighs heavily against the Plaintiffs' contention that they have suffered a violation of their right to procedural due process.

The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty." *McKinney,* 20 F.3d at 1556 (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937).

> The Supreme Court has deemed that most—but not all—of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy, see *Planned Parenthood v. Casey*, 505 U.S. 833, ——, 112 S.Ct. 2791, 2807, 120 L.Ed.2d 674 (1992)) also merit protection. It is in this framework that fundamental rights are incorporated against the states. A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, ——, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)).

*Id.*

The Plaintiffs have not shown that the Government's actions have violated any fundamental rights. Based on Centanni's inability to reenter the United States, they attempt to argue that Centanni's right to liberty has been violated. (Doc. 7 at 11-12). They also argue that Centanni's exclusion from this country will interfere with his ability to appeal the USCIS denial or to care for his minor son. The Court is sympathetic to the Plaintiffs' plight. However, at least for purposes of the instant motion, their arguments fail for several reasons, not least of which is the fact that Centanni, not the Government, is responsible for his being outside the United States. The Plaintiffs have also failed to point to any law or precedent supporting the notion that aliens have a fundamental right to enter the United States so as to pursue permanent residency, to care for minor children, or for any similar purpose. *See*, *e.g.*, *Kleindienst v. Mandel*, 408 U.S. 753,

762 (1972) (holding that unadmitted nonresident alien had no constitutional right of entry to the United States). In addition, while district courts possess subject matter jurisdiction to review denials of Form I-130s, *Rivera v. Patterson*, 2011 WL 5525356 (S.D.Fla. Nov. 14, 2011), they lack such jurisdiction in regard to the denial of a Form I-485 application, *Gupta v. Holder*, 2011 WL 4460188 (M.D.Fla. Sept. 26, 2011). This court also lacks jurisdiction to review the (apparent) invalidation of Centanni's APD. *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003).

As Plaintiffs have not shown a substantial likelihood of success on either of their due process claims, it is hereby

**ORDERED** that the Motion for Temporary Restraining Order (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 28, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party